**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Matthew M. Loker, Esq. (SBN: 279939)
ml@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Attorneys for Plaintiff,
Christine Dial

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE DIAL, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>v.<br><br>ACTION PROFESSIONALS, INC.,<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATION OF:**<br><br>1.) **THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §§ 1692, ET SEQ.; AND,**<br><br>2.) **THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §§ 1788, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. CHRISTINE DIAL ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of ACTION PROFESSIONALS, INC. ("Defendant") with regard to attempts by Defendant to unlawfully and abusively collect an debt allegedly owed by the Plaintiff, in violation of Federal and California State debt collection laws.

4. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

5. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff allege on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

7. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

8. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

## JURISDICTION AND VENUE

9. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692k and 28 U.S.C. § 1367 for supplemental state claims.

10. This action arises out of Defendants' violations of (i) the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"); and, (ii) the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, et seq. ("RFDCPA").

11. Because Defendant conducts business within the State of California, personal jurisdiction is established.

12. Venue is proper in the United States District Court, Central District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of San Luis Obispo, State of California which is within this judicial district; (ii) the conduct complained of herein occurred

within this judicial district; and, (iii) Defendant resides and is headquartered in the County of San Luis Obispo, which is within this judicial district.

## PARTIES

13. Plaintiff is a natural person who resides in the City of Grover Beach, County of San Luis Obispo, State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and are "debtors" as that term is defined by California Civil Code § 1788.2(h). In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

14. Plaintiff is informed and believes, and thereon alleges, that Defendant is a California company operating from the City of Paso Robles, County of San Luis Obispo, State of California.

15. Plaintiff is informed and believes, and thereon alleges, that Defendant, in the ordinary course of business, regularly, on behalf of itself, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

16. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTUAL ALLEGATIONS

17. At all times relevant, Plaintiff is an individual residing within the State of California and within this judicial district.

18. At all times relevant, Defendant conducted business in the State of California.

19. Sometime prior to September 2013, Plaintiff allegedly incurred financial obligations to the original creditor for medical services.

20. These alleged finance obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt[s]" as that term is defined by California Civil Code §1788.2(d) and 15 U.S.C. 1692a(5), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

21. Sometime thereafter, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to the validity of the alleged debt.

22. Subsequently, the alleged debt was allegedly assigned, placed, or otherwise transferred, to Defendant for collection activity.

23. On or about September 11, 2013, Defendant sent or caused to be sent written communications via U.S. Mail to Plaintiff.

24. This letters constitutes "debt collection" as that phrase is defined by Cal. Civ. Code § 1788.2(b) and a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

25. Said written communication stated:

### * * * FINAL DEMAND * * *

**This account is now on your permanent record at Equifax, Experian and Trans Union.**

26. Defendant's representation that Plaintiff's alleged debt was now on Plaintiff's **permanent** record with the credit bureaus is an inaccurate statement of law that is highly likely to confuse the least sophisticated consumer.

27. Pursuant to the 15 U.S.C. § 1681c(4) of the Fair Credit Reporting Act, accounts placed for collection may only be reported for seven years from the date of breach. *See also* 15 U.S.C. § 1681c(c)(1).

28. No Federal or State statute permits any reporting party to report an alleged debt on a consumer's credit report into perpetuity.

29. Through this conduct, Defendant violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations in connection with the collection of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

30. Through this conduct, Defendant violated 15 U.S.C. § 1692e(2)(A) through false representation of the character, amount, or legal status of Plaintiff's alleged debt in connection with the collection of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

31. Through this conduct, Defendant violated 15 U.S.C. § 1692e(5) by threatening to take action that cannot legally be taken in connection with the collection of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

32. Through this conduct, Defendant violated 15 U.S.C. § 1692e(8) by communicating to Plaintiff credit information which is known or should be known to be false in connection with the collection of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

33. Through this conduct, Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means in connection with the collection of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

///
///
///

34. Through this conduct, Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means in connection with the collection of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

35. As described herein, Defendant engaged in illegal collection activity with regard to Plaintiff's alleged debt. Such activity constitutes violations of 15 U.S.C. §§ 1692e; 1692e(2)(A); 1692e(5); 1692e(8); 1692e(10); and, 1692f. In addition, Defendant also violated Cal. Civ. Code § 1788.17.

## CLASS ALLEGATIONS

36. Plaintiff brings this class action on behalf of herself, and on behalf of all others similarly situated.

37. Plaintiff defines the "Class" as:

> (i) all persons with addresses within the State of California; (ii) who were sent a written communication by Defendant (iii) stating that a derogatory item appeared on said person's permanent credit report; (iv) to recover a consumer debt; (v) which was not returned undelivered by the United States Postal Service; (vi) within one year prior to the filing of the Complaint in this action.

38. Defendant and their employees or agents are excluded from the Class.

39. Plaintiff does not know the exact number of persons in the Class, but believes them to be in the several hundreds, making joinder of all these actions impracticable.

40. The identity of the individual members is ascertainable through Defendant's and/or Defendant's agents' records or by public notice.

41. There is a well-defined community of interest in the questions of law and fact involved affecting the members of the Class. The questions of law and fact common to the Class predominate over questions affecting only

individual class members, and include, but are not limited to, the following:

a) Whether Defendant violated the FDCPA as described herein;
b) Whether Defendant violated the RFDCPA as described herein;
c) Whether members of the Class are entitled to the remedies under the FDCPA;
d) Whether members of the Class are entitled to the remedies under the RFDCPA;
e) Whether members of the Class are entitled to declaratory relief;
f) Whether members of the Class are entitled to injunctive relief;
g) Whether members of the Class are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the FDPCA;
h) Whether members of the Class are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the RFDPCA;
i) Whether Defendant may satisfy Defendant's affirmative defense of bona fide error with regard to Defendant's violation of the FDCPA; and,
j) Whether Defendant may satisfy Defendant's affirmative defense of bona fide error with regard to Defendant's violation of the RFDCPA.

42. Plaintiff will fairly and adequately protect the interest of the Class.
43. Plaintiff has retained counsel experienced in consumer class action litigation and in handling claims involving unlawful debt collection practices.
44. Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts involving unlawful collection practices.
45. A class action is a superior method for the fair and efficient adjudication of this controversy.
46. Class-wide damages are essential to induce Defendant to comply with the federal and State laws alleged in the Complaint.
47. The interests of class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory

damages in an individual action under the FDCPA and the RFDCPA is $1,000. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims, e.g., securities fraud.

48. Defendant has acted on grounds generally applicable to the classes, thereby making appropriate final declaratory relief with respect to the class as a whole.

49. Plaintiff contemplate providing notice to the putative class members by direct mail in the form of a postcard-type notice and via Internet website.

50. Plaintiff request certification of a hybrid class for monetary damages and injunctive relief.

## COUNT I

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)
### 15 U.S.C. §§ 1692 ET SEQ.
### [AGAINST ALL DEFENDANTS]

51. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

52. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 et seq.

53. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendants individually.

///
///
///
///

## COUNT II

## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

## Cal. Civ. Code § 1788, et seq.

### [AGAINST ALL DEFENDANTS]

54. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

55. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

56. As a result of each and every violation of the RFDCPA, Plaintiffs are entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorneys fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant individually. In addition, Plaintiff and the members of the class an award of damages to the class in amount of $500,000 or 1 percent of the net worth of Defendant pursuant to Cal. Civ. Code § 1788.17.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff pray that judgment be entered against Defendant for:

- That this action be certified as a class action on behalf of The Class and Plaintiff be appointed as the representatives of The Class;
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), for each plaintiff and putative class member;
- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against each named Defendant individually;
- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), for each plaintiff and putative class member;

- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against each named Defendant individually;
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against each named Defendant individually;
- Injunctive relief in the form of an order requiring Defendant to disgorge all ill-gotten gains and awarding Plaintiff and The Class full restitution of all monies wrongfully acquired by Defendant by means of such unfair and unlawful conduct;
- That the Court preliminarily and permanently enjoin Defendant from sending further written communications stating that a derogatory account has been placed on a consumer's permanent credit report; and,
- Any and all other relief that this Court deems just and proper.

### TRIAL BY JURY

57. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demand, a trial by jury.

Dated: August 14, 2014                                    Respectfully submitted,

                                                          **KAZEROUNI LAW GROUP, APC**

                                                      By: ___/s/ Matthew M. Loker___
                                                             MATTHEW M. LOKER, ESQ.
                                                              ATTORNEY FOR PLAINTIFF

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626